UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:   SHARON AND RODNEY CRANE                    Case No. 19-10923-JDW
                                                    Chapter 13 Proceedings

**OBJECTION OF FIRST TOWER LOAN
TO CONFIRMATION OF PLAN**

First Tower Loan, LLC, doing business as Tower Loan of Holly Springs (Tower), files this Objection to Confirmation of Chapter 13 Plan which plan was filed by the Debtor herein (Debtor shall mean joint petitioners as necessary) for the following reasons:

1. Debtor has filed a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105 and 1325. This is a core proceeding pursuant to 28 U.S.C. §157 (b) (2)(A) and (L). Tower has filed, or will file, a proof of claim in this case as a secured creditor in the amount of $4,621.58.

2. As collateral for the indebtedness, Debtor pledged to Tower certain personal property. A copy of the documentation evidencing Tower's lien is attached hereto.

3. Tower objects to confirmation on the basis that the Debtor has failed to schedule payment of the replacement value of the property in which Tower has a security interest at an acceptable rate of interest over the length of the Chapter 13 plan. Tower further objects to any Motions for Valuations or Claim per Section 3.2 of the plan that purports that Tower is an unsecured creditor and to any claims of exemption for any property that is not exemptible or subject to a prior intervening creditor. Tower further objects to the values listed in the Motions for Valuation or Claim per Section 3.2 of the plan. A copy of the signed collateral list is attached hereto as Exhibit "A."

4.  In the event that Debtor proposes to avoid nonpossessory, non-purchase money security interest securing Tower's claim(s) on the basis it impairs exemptions to which Debtor would be entitled under 11 U.S.C. § 522(b), and to the extent it does not, Tower denies that all of the property is exempt and objects to Debtor's claim of exemption for that property that is not exempt pursuant to Miss. Code Ann. § 85-3-1, et seq., or other applicable law. A copy of the signed collateral list is attached hereto as Exhibit "A."

5.  Such failure is grounds for the denial of confirmation of the plan pursuant to §1325 of the Bankruptcy Code.

6.  Should Debtor not be required to pay the replacement value of the collateral, then Tower requests that Tower be allowed to file an amended proof of claim as a general unsecured creditor.

WHEREFORE PREMISES CONSIDERED, Tower requests that this Court deny confirmation of the proposed plan for the reasons set forth and grant other such relief as the Court may deem proper and just.

Dated this 17th day of April, 2019.

FIRST TOWER LOAN, LLC

By:/s/ Rebecca Guion Burton
Its Attorney

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed with the Clerk of Court using the ECF system which sent notification, or mailed, via U.S. Mail, postage fully prepaid to non-ECF participants, a true and correct copy of the foregoing Objection of Tower Loan to Confirmation of Chapter 13 Plan to the following:

Robert H. Lomenick, Jr.
rlomenick@gmail.com

Office of the U.S. Trustee
USTPRegion05.AB.ECF@us.doj.gov

Sharon and Rodney Crane
590 Swaney Rd.
Holly Springs, MS  38635

Locke D. Barkley
sbeasley@barkley13.com
Chapter 13 Trustee

Dated this the 17th day of April, 2019.

By:/s/ Rebecca Guion Burton
Its Attorney

Prepared By:

Rebecca Guion Burton
MSB#: 105059
406 Liberty Park Court
P. O. Box 320001
Flowood, MS  39232-0001
Email: gburton@towerloan.com
Telephone: 601-992-0936
Facsimile: 601-992-5176

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Sharon Dianne Crane** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | **Rodney Crane** |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **NORTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance                    12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1   Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$364.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **Holly Springs Electric Dept.**
> **PO Box 520**
> **Holly Springs MS 38635-0520**

| Debtor | Sharon Dianne Crane | Case number | |
|---|---|---|---|
| | Rodney Crane | | |

Joint Debtor shall pay **$394.50** ( ☐ monthly, ☑ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

> City Of Holly Springs
> 160 South Memphis Street
> Holly Springs MS 38635-0000

**2.3   Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3:   Treatment of Secured Claims

**3.1   Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)   Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑ 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1   Mtg pmts to  **Ocwen Loan Servicing, LLC**
Beginning **June 2019**   @   **$850.00**  ☑ Plan   ☐ Direct.   Includes escrow ☑ Yes ☐ No

1   Mtg arrears to  **Ocwen Loan Servicing, LLC**   Through   **May 2019**   **$5,950.00 ($99.17/month)**

**3.1(b)** ☐ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property address: **-NONE-**
Mtg pmts to
Beginning   month   @   _____   Plan   Direct.   Includes escrow  Yes  No

Property **-NONE-**   Mtg arrears to   _____   Through   month

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:   **-NONE-**   Approx. amt. due:   _____   Int. Rate*:
Property Address:
Principal Balance to be paid with interest at the rate above:   _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $   _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $   _____   **-NONE-** /month, beginning   month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

| Debtor | **Sharon Dianne Crane** | Case number |
| | **Rodney Crane** | |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

3.2    **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑    Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| 1st Heritage Credit | $5,055.61 | 2002 Honda 4-wheeler | $1,000.00 | $1,000.00 | 6.75% |
| Ally Financial | $9,790.01 | 2013 Hyndai Sonata 118000 miles | $7,470.00 | $7,470.00 | 6.75% |
| Merchants & Farmers Bank | $1,375.95 | 2007 Cadillac CTS 137000 miles | $3,000.00 | $1,375.95 | 6.75% |
| GM Financial | $13,560.23 | 2013 Ford F-150 XLT 46,000 Miles | $17,000.00 | $13,560.23 | 6.75% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning month |
|---|---|---|---|
| -NONE- | | | |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☐    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

| Debtor | Sharon Dianne Crane<br>Rodney Crane | | Case number | | |

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4    Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
     *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| 1st Heritage Credit | King Bed ($400), 32" Emerson TV ($100), 32" Emerson TV ($100), Craftsman Mower ($100), Grill ($200), Sweing Machine ($50), Weedeater ($60), 42" Torro Riding Mower ($400) | $1,410.00 | $0.00 | Non-Purchase Money Security | UCC #: 20151719126A, 20172349318A, 20182806828A |
| Tower Loan | Weight Bench ($60), Total Body Gym ($100), Murray Mower ($50), Push Mower ($50), Samsung Tablet ($60), Dell Laptop ($80), HP printer ($25), Hedge Trimmer ($50), Leaf Blower ($40), B&D Saw ($50), B&D Drill ($50), Emerson DVD Players ($20), B&D Sander ($25), Chainsaw ($60), 19" F/S TV ($25), 32" Sony TV ($50), Emerson Surround | $970.00 | $0.00 | Non-Purchase Money Security | UCC #: 20182673648A |

| Debtor | Sharon Dianne Crane<br>Rodney Crane | | | Case number | | |
|---|---|---|---|---|---|---|
| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
| | Sound ($50), Sony Camcorder ($100) | | | | | |

*Insert additional claims as needed.*

**3.5** **Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee: **$3,600.00**

| | |
|---|---|
| Total attorney fee charged: | $3,600.00 |
| Attorney fee previously paid: | $190.00 |
| Attorney fee to be paid in plan per confirmation order: | $3,410.00 |

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5** **Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$5,675.79**.

Debtor  **Sharon Dianne Crane**  Case number
        **Rodney Crane**

Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2  Other separately classified nonpriority unsecured claims (special claimants). *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Fedloan Servicing | Student loans debtor #1 co-signed with daughter | $45,000.00 | No Distribution |

*Insert additional claims as needed.*

### Part 6: Executory Contracts and Unexpired Leases

6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

7.1  Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

8.1  Check "None" or List Nonstandard Plan Provisions
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

9.1  Signatures of Debtor(s) and Debtor(s)' Attorney
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ Sharon Dianne Crane**                        X  **/s/ Rodney Crane**
   **Sharon Dianne Crane**                              **Rodney Crane**
   Signature of Debtor 1                                Signature of Debtor 2

   Executed on  **March 4, 2019**                       Executed on  **March 4, 2019**

   **590 Swaney Rd**                                    **590 Swaney Rd**
   Address                                              Address
   **Holly Springs MS 38635-0000**                      **Holly Springs MS 38635-0000**
   City, State, and Zip Code                            City, State, and Zip Code

   Telephone Number                                     Telephone Number

X  **/s/ Robert H. Lomenick**                           Date  **03/04/2019**
   **Robert H. Lomenick 104186**
   Signature of Attorney for Debtor(s)
   **126 North Spring Street**
   **Post Office Box 417**
   **Holly Springs, MS 38635**
   Address, City, State, and Zip Code
   **662-252-3224**                                     **104186 MS**

| Debtor | Sharon Dianne Crane | Case number | |
| | Rodney Crane | | |

Telephone Number

rlomenick@gmail.com  
Email Address

MS Bar Number

| BORROWER NAME | ADDRESS |
|---|---|
| RODNEY CRANE, 127 W FALCONER AVE | 590 SWANEY DRIVE, HOLLY SPRINGS MS 38635- |
| CO-BORROWER NAME | ADDRESS |
| CO-BORROWER NAME | ADDRESS |

DATE OF LOAN: 07-13-18

Lender: FIRST TOWER LOAN, LLC DBA TOWER LOAN OF HOLLY SPRINGS
PO BOX 802, HOLLY SPRING, MS, 38635

## FEDERAL TRUTH IN LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Schedule of Consecutive Monthly Payments | |
|---|---|---|---|---|---|
| | | | | Number of payments | Amount of each payment |
| 37.21% | $2165.42 | $4594.58 | $6760.00 | 26 | 260.00 |
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all payments as scheduled. | 1st Payment Due 08/12/18 | Last Payment Due 09/12/20 |

### ITEMIZATION OF AMOUNT FINANCED UNDER FEDERAL LAW OF $4594.58

- Amount given to you directly: $526.03
- Amount paid on your account: $3173.74
- Amounts paid to others on your behalf (we may be retaining a portion of this amount):
  - Public officials: $18.00
  - Insurance company:
    - Credit Life: $234.35
    - Credit Disability: $310.96
    - Credit Property: $331.50
  - NAME: 
  - NAME: 
  - NAME: 
  - NAME: 
  - NAME: 
  - NAME: 
  - NAME: 
  - Closing Fee: $270.40
  - Subtotal of above amounts: $4864.98
  - LESS Prepaid Finance Charge: $270.40
  - Amount Financed (TOTAL): $4594.58

SECURITY: You are giving a security interest in Personal Property

Collateral securing this and other loans you have with us also secures other and future indebtedness.
LATE CHARGE: If a payment is more than 15 days late, you will be charged the greater of $5.00 or 4% of the payment, not to exceed $50.00

FILING FEES: $ 18.00

PREPAYMENT: If you pay off early, you will not have to pay a penalty and you may be entitled to a refund of part of the finance charge.

See your Promissory Note and Security Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

INSURANCE: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the annual cost.

| TYPE | DEC. C.L | LVL. C.L | PREMIUM | SIGNATURES | | |
|---|---|---|---|---|---|---|
| Single Credit Life | | X | $234.35 | I/We want credit Life Insurance: X: [signature] | X: | X: |
| Joint Credit Life | | | $ | I/We want credit Life Insurance: X: | X: | X: |
| Credit Disability | X | | $310.96 | I want credit disability Insurance: X: [signature] | | |

You may obtain property insurance from anyone you want, provided the insurance company is acceptable to the creditor. If you get personal property insurance from or through the creditor, you will pay $ 331.50

[X] Dual Interest
[ ] Single Interest

DISCLOSURES REQUIRED BY MISSISSIPPI LAW:
Excluding the closing fee of $ 270.40 from the finance charge, the state finance charge is $ 1895.02 and the state contract rate is 31.30 %

### PROMISSORY NOTE AND SECURITY AGREEMENT
### ALL INFORMATION IN THE ABOVE DISCLOSURE STATEMENT IS INCLUDED HEREIN BY REFERENCE

PARTIES: "Borrower" means all Borrowers signing below whether one or more; and "Lender" means the Lender named above.
NOTE: For value received, Borrower, jointly and severally, promises to pay to the order of Lender the "Total of Payments" (see above), in the monthly payments stated in the "Schedule of Payments" (see above) until paid in full. Any extension, renewal, renewals, or other indulgences by Lender shall not release Borrower. Borrower waives protest.
LATE CHARGE: Borrower shall pay Lender a late charge, the greater of $5.00 or 4% of the payment on any payment that continues unpaid for more than fifteen (15) days following its due date, but Borrower shall not pay more than $50.00 on any one scheduled payment.
PREPAYMENT REFUND: When Borrower prepays this loan in full, then: (i) If paid by a renewal loan from Lender within 30 days from the date of this loan, Lender shall cancel or refund all of the above finance charges, closing fee and credit insurance premiums on this loan, (ii) if paid by a renewal loan from Lender after 30 days, but before 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the actuarial method; (iii) If paid or renewed after 90 days from the date of this loan, Lender shall refund the unearned finance charges computed by the Rule of 78s based on the number of days Borrower pays early, less 20 days.
SECURITY INTEREST: To secure payment of this loan, Borrower grants Lender a security interest in the property described below under "Security."
BORROWER'S DUTIES: If Lender requests, Borrower shall maintain fire, theft, and extended coverage insurance on the security. Such insurance policies shall be payable to Lender and Borrower as Borrower's interest shall appear and shall provide Lender with at least ten (10) days written notice before cancellation. In addition, Borrower shall keep the security at Borrower's address shown above, in good repair and free from adverse liens and security agreements.
DEFAULT: Borrower defaults when: (i) Borrower does not pay any payment in full when due; (ii) Borrower does not fully perform any of Borrower's duties under this agreement; (iii) Borrower moves the security without first giving Lender written notice; (iv) Borrower abandons the security; (v) any of the security is lost, stolen, not maintained, destroyed, or substantially damaged; (vi) Borrower death or incompetency; (vii) Borrower defaults under another Tower Loan agreement, or (viii) Lender reasonably deems itself insecure.
REMEDIES: When Borrower defaults, Lender can take one or more of the following actions: (i) cancel any credit insurance and apply unearned premiums to the account; (ii) in accordance with the arbitration agreement, bring suit for or arbitrate the delinquent payments; (iii) accelerate and declare due, without notice or further demand for payment, the remaining balance (but in such event, upon receiving full payment, Lender shall rebate the unearned finance charge on the date of payment by using the method described in Prepayment Refund (above); (iv) repossess and dispose of any security as a secured party under the Mississippi Uniform Commercial Code; and/or (v) foreclose on any securing deed of trust on realty. Ten (10) days notice by regular mail to Borrower at the above address shall be reasonable notice to Borrower of any disposition of any security. Lender may hire or pay an attorney to help collect the Note or recover its collateral if Debtor does not pay or if Debtor files bankruptcy. Debtor will reimburse Lender for these costs. This includes, subject to limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees for bankruptcy proceedings (including efforts to lift, modify, or vacate any automatic stay or injunction), for defending against unsuccessful counterclaims, and appeals.
OTHER INDEBTEDNESS: The security agreement secures all other and future indebtedness Borrower owes to Lender. Collateral securing other loans Borrower has with Lender also secures this loan.
CREDIT REPORTING: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You agree and hereby authorize us to obtain credit reports on you, both now, and at any time any portion of the debt remains owed to us. You specifically acknowledge and agree that we may disclose any default by you under this Note, along with any other relevant information, to credit reporting bureaus.
GOVERNING LAW: The construction, validity and enforcement of this loan agreement shall be governed by the laws of the State of Mississippi, without regard to the principles of conflicts of laws.
SEVERABILITY: The illegality or unenforceability of any provision of this Promissory Note and Security Agreement or any instrument or agreement entered into in connection herewith including, without limitation, the Arbitration Agreement, shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Promissory Note and Security Agreement, the Arbitration Agreement or any other instrument or agreement entered into in connection herewith.
SECURITY: The security to which the security interest granted hereunder attaches is indicated below and is more particularly described as follows:
VALUE: We represent to you the value of any personal property security below is ................................................ $ 5100.00
This value excludes the value of any motor vehicles, livestock, boats or mobile homes
WEIGHT BENCH W/ BAR STEEL WEIGHTS, TOTAL BODY GYM(NEW), MURRAY 46" RIDING LAWN MOWER, BRIGGS AND STRATTON PUSHMOWER, ELECTRIC LEAFBLOWER, BATTERY POWERED LEAFBLOWER, STIHL WEEDEATER, CRAFTSMAN RIDING LAWN MOWER, ELECTRIC HEDGE TRIMMER, BLACK AND DECKER SAW, BLACK AND DECKER DRILL, BLACK AND DECKER SANDER, POLAN CHAINSAW, 140 PIECE CRAFTSMAN TOOL, CRAFTSMAN WRENCH SET, CRAFTSMAN SOCKET SET, 2ND TV- 19" EMERSON FLATSCREEN TV, 3RD TV- 32" SONY FLATSCREEN TV, 4TH TV- 37" MAGNAVOX FLATSCREEN TV, EMERSON SURROUND SOUND SYSTEM, SONY DIGITAL CAMCORDER, SAMSUNG 7 TABLET, DELL LAPTOP COMPUTER, HP ALL IN ONE PRINTER, SONY DVD PLAYER, EMERSON DVD/VCR PLAYER COMBO, 2ND-EMERSON DVD/VCR PLAYER COMBO, SONY DVD/VCR PLAYER COMBO,

ARBITRATION AGREEMENT: BY SIGNING BELOW AND OBTAINING THIS LOAN, BORROWER AGREES TO THE ARBITRATION AGREEMENT ON THE ADDITIONAL PAGES OF THIS AGREEMENT. YOU SHOULD READ IT CAREFULLY BEFORE YOU SIGN BELOW. IMPORTANT PROVISIONS, INCLUDING OUR PRIVACY POLICY, ARE CONTAINED IN ADDITIONAL PAGES AND INCORPORATED HEREIN.

[signature]  [signature]
BORROWER    BORROWER    BORROWER

THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF BANK OF AMERICA, N.A., AS AGENT.

PERSONAL PROPERTY OFFERED AS
COLLATERAL FOR LOAN FROM TOWER LOAN

| Item | Value |
|---|---|
| WEIGHT BENCH W/ BAR STEEL WEIGHTS | 190.00 |
| TOTAL BODY GYM (NEW) | 270.00 |
| MURRAY 46" RIDING LAWN MOWER | 930.00 |
| BRIGGS AND STRATTON PUSHMOWER | 130.00 |
| ELECTRIC LEAFBLOWER | 100.00 |
| BATTERY POWERED LEAFBLOWER | 100.00 |
| STHIL WEEDEATER | 100.00 |
| CRAFTSMAN RIDING LAWN MOWER | 790.00 |
| ELECTRIC HEDGE TRIMMER | 100.00 |
| BLACK AND DECKER SAW | 100.00 |
| BLACK AND DECKER DRILL | 100.00 |
| BLACK AND DECKER SANDER | 100.00 |
| POLAN CHAINSAW | 100.00 |
| 140 PIECE CRAFTSMAN TOOL | 200.00 |
| CRAFTSMAN WRENCH SET | 100.00 |
| CRAFTSMAN SOCKET SET | 100.00 |
| 2ND TV- 19" EMERSON FLATSCREEN TV | 110.00 |
| 3RD TV- 32" SONY FLATSCREEN TV | 120.00 |
| 4TH TV- 37" MAGNAVOX FLATSCREEN TV | 140.00 |
| EMERSON SURROND SOUND SYSTEM | 100.00 |
| SONY DIGITAL CAMCORDER | 140.00 |
| SAMSUNG 7 TABLET | 190.00 |
| DELL LAPTOP COMPUTER | 290.00 |
| HP ALL IN ONE PRINTER | 100.00 |
| SONY DVD PLAYER | 100.00 |
| EMERSON DVD/VCR PLAYER COMBO | 100.00 |
| 2ND-EMERSON DVD/VCR PLAYER COMBO | 100.00 |
| SONY DVD/VCR PLAYER COMBO | 100.00 |
| Total: | 5,100.00 |

I hereby certify that I am the owner of the above items offered as collateral, that these items are not already insured and that the values shown are true and correct.

_____
Customer

DATE: 7/13/18

EXHIBIT A

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

File Number:
Date Filed: 7/24/2018 8:28:39 PM
C. Delbert Hosemann, Jr.
Secretary of State

A. NAME & PHONE OF CONTACT AT FILER (optional)
First Tower Corp   601-992-0153

B. EMAIL CONTACT AT FILER (optional)
dale@towerloan.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
FIRST TOWER CORP.
P O BOX 320001
FLOWOOD, MS 39232-0001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME:

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| CRANE | RODNEY | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 W FALCONER AVE 590 SWANEY DRIVE | HOLLY SPRINGS | MS | 38635 | USA |

2. DEBTOR'S NAME: (blank)

3. SECURED PARTY'S NAME:

3a. ORGANIZATION NAME: FIRST TOWER LOAN, LLC

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 802 | HOLLY SPRING | MS | 39568 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

WEIGHT BENCH W/ BAR STEEL WEIGHTS, TOTAL BODY GYM(NEW), MURRAY 46" RIDING LAWN MOWER, BRIGGS AND STRATTON PUSHMOWER, ELECTRIC LEAFBLOWER, BATTERY POWERED LEAFBLOWER, STHIL WEEDEATER CRAFTSMAN RIDING LAWN MOWER, ELECTRIC HEDGE TRIMMER, BLACK AND DECKER SAW, BLACK AND DECKER DRILL, BLACK AND DECKER SANDER, POLAN CHAINSAW, 140 PIECE CRAFTSMAN TOOL, CRAFTSMAN WRENCH SE CRAFTSMAN SOCKET SET, 2ND TV- 19" EMERSON FLATSCREEN TV, 3RD TV- 32" SONY FLATSCREEN TV, 4TH TV- 37" MAGNAVOX FLATSCREEN TV, EMERSON SURROND SOUND SYSTEM, SONY DIGITAL CAMCORDER, SAMSUNG 7 TABLE DELL LAPTOP COMPUTER, HP ALL IN ONE PRINTER, SONY DVD PLAYER, EMERSON DVD/VCR PLAYER COMBO, 2ND EMERSON DVD/VCR PLAYER COMBO, SONY DVD/VCR PLAYER COMBO,

5. Check only if applicable and check only one box: Collateral is [ ] held in a Trust  [ ] being administered by a Decedent's Personal Representative

6a. [ ] Public-Finance Transaction  [ ] Manufactured Home Transaction  [ ] A Debtor is a Transmitting Utility
6b. [ ] Agricultural Lien  [ ] Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): [ ] Lessee/Lessor  [ ] Consignee/Consignor  [ ] Seller/Buyer  [ ] Bailee/Bailor  [ ] Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)